*FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| In re | ) | Case No. 23-22540-E-13 |
| | ) | Docket Control No. RLL-1 |
| SATINDER SINGH, | ) | |
| | ) | |
|             Debtor. | ) | |
| | ) | |

**MEMORANDUM OPINION AND DECISION
SUSTAINING OBJECTION TO EXEMPTION CLAIMED IN LIQUOR LICENSE**

Creditor Placerville Investment Group, LLC ("Creditor"), objects to Satinder Singh's ("Debtor") claimed exemption under California law in a liquor license.[1] Creditor argues that a liquor license is not a tool of the trade and should not be exempt under California Code of Civil Procedure § 703.140(b)(6). Debtor has claimed two exemptions in the liquor license:

    A.    First, $29,586.88 exempt pursuant to California Code of Civil Procedure § 703.140(b)(5) (the "Wildcard Exemption"[2]), and

    B.    Second, $9,525.00 exempt pursuant to California Code of Civil Procedure § 703.140(b)(6) [the implements, books, and tools of the trade exemption].

---

[1] The Objection to Claimed Exemptions has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1). Proper notice was given and defaults of the non-responding parties and other parties in interest are entered.

[2] The "Wildcard Exemption" is a bankruptcy concept found in 11 U.S.C. § 522(d)(5) which allows a debtor to use up to one-half of the $27,900 residence exemption under the federal statute, plus an additional $1,475, to claim an exemption in any assets of the debtor, whether or not an exemption is provided for such assets in 11 U.S.C. § 522.

The California Legislature adopted that concept in the California Code of Civil Procedure § 703.140 alternative bankruptcy exemptions that may be elected by the debtor. However, California Code of Civil Procedure § 703.140(b)(5) more "generously" allows a debtor to use all or any portion of the $28,275 exemption for a residence, § 703.140(b)(1), plus an additional $1,550 as a Wildcard Exemption in any assets of the debtor.

Schedule C, Dckt. 29. Creditor does not object to the $29,586.88 Wildcard Exemption claimed by Debtor.

In objecting to the exemption in the amount of $9,525.00, Creditor cites the court to California Code of Civil Procedure § 703.140(b)(6) which states:

> The debtor's aggregate interest, not to exceed eight thousand seven hundred twenty-five dollars ($8,725) in value, in any implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor.

Creditor argues that this exemption, known as the tools of the trade exemption, should not apply to Debtor's liquor license because the license is not an implement, professional book, or tool. Obj., Dckt. 62.

According to Creditor, the tools of the trade exemption should only exempt tangible items of property used in the business. *Id.* Creditor cites to two opinions supporting its contention. *In re Johnson*, 255 B.R. 554 (Bankr. S.D. of Ohio 2000) (holding that a license confers a right or privilege to transact a type of business and is not a tool of the trade within the meaning of that exemption); *In re Nickeas*, 503 B.R. 453 (Bankr. W.D. Wisc. 2013) (concurring with *In re Johsnon*).

Creditor also directs the court to an unreported decision out of the Central District of California, *In re Gonzalez*, No. 2:15-bk-25283, 2016 WL 3910323 (Bankr. C. D. Cal. July 12, 2016). In that case, Bankruptcy Judge Kwan was addressing a claim of exemption in bank accounts and accounts receivable as a tool of the trade.

Creditor further cites to *C.F. Nielsen, Inc.*, which addressed the tools of the trade exemption stated in California Code of Civil Procedure § 704.060(a)(1) and (a)(3), stating:

> Subdivisions (a)(1) and (a)(3) of Code of Civil Procedure section 704.060 expressly exempt only those items of personal property "reasonably necessary to and actually used" in the exercise of a trade, business or profession.
>
> The usual and ordinary meaning of the above quoted language and the relevant case law pertaining to personal property exemptions indicate subdivisions (a)(1) and (a)(3) of Code of Civil Procedure section 704.060 were intended to protect only those tools, equipment, and other items of tangible property which are reasonably necessary and actually used by a judgment debtor in pursuing his livelihood. *See, e.g.*, *Sun Ltd. v. Casey* (1979) 96 Cal.App.3d 38, 40-42; *Lopp v. Lopp* (1961) 198 Cal.App.2d 474, 476-478; *Peebler v. Danziger* (1951) 104 Cal.App.2d 490, 490-491; *Twining v. Taylor* (1959) 170 Cal.App.2d Supp 842, 843-845. To construe subdivisions (a)(1) and (a)(3) otherwise would be inconsistent with the apparent purpose and intent of the Legislature and would lead to unjust results.

> We conclude appellant was not entitled to a personal property exemption for his business bank account under subdivision (a)(1) or (a)(3) of Code of Civil Procedure section 704.060.

*C.F. Nielsen, Inc.*, 15 Cal. Reptr. 2d 676 (Cal. Ct. App. 1992).

**Debtor's Initial Opposition**

Debtor filed an Opposition to Creditor's Objection on November 6, 2023. Dckt. 76. In his Opposition, Debtor argues:

1. The tools of the trade exemption should be interpreted broadly, and so the *In re Johnson* court got it wrong.

2. In the sale of liquor, a liquor license is the same as any other tool commonly exempted. There is no justification in finding that a tool is confined to a physical object.

Dckt. 76. Debtor submits his own Declaration in support of the Opposition, testifying that a liquor license is a tool in the sale of liquor business. Decl., Dckt. 77.

**Continued Hearing and Supplemental Pleadings**

The court continued the hearing, requesting that the Parties provide supplemental briefing on these issues.

<u>Creditor's Supplemental Briefing</u>

Creditor submitted its supplemental briefing on November 30, 2023. Dckt. 89. In its supplemental brief, Creditor asserts:

1. California Code of Civil Procedure § 703.140(b)(6), the "tools of the trade" exemption, does not describe or anticipate being applied to a liquor license.

2. Creditor provides the following quote from a bankruptcy court in Wisconsin to hear this same issue:

> Debtors may be right that as the economy becomes more technology-based, the definition of tools may have to expand to accommodate intangibles that a technology worker uses in his business. However, this argument does not advance the position of a liquor license as a tool of the trade. Liquor licenses have been in existence since before the founding of this country. *See, e.g.*, Sidney and Beatrice Webb, *The History of Liquor Licensing in England Principally from 1700 to 1830* (Longmans, Green and Co. 1903). *Even if there are modest intangibles that have become "tools" for the modern worker, a liquor license would not fall into that category.*
>
> *In re Nikeas*, 503 B.R. 453, 457 (Bankr. W.D. Wisc. 2013) (emphasis added; 11 U.S.C. § 522(d)(5), (6)); *see also In re Caylor*,

|     |     |     |
| --- | --- | --- |
| 1   |     | 31 B.R. 821 (Bankr. W.D. Penn. 1983) (holding the same). |
| 2   | 3.  | A liquor license is not the same as a new tool used in the modern era. Liquor licenses have been around for hundreds of years and have been expressly excluded from the language of California Code of Civil Procedure § 703.140(b)(6). The legislature could have explicitly provided for an intangible license under the tools of the trade exemption if it so desired. |
| 3   | 4.  | California Code of Civil Procedure § 704.060, an alternate tools of the trade exemption, is less restrictive than California Code of Civil Procedure § 703.140(b)(6), the tools of the trade exemption that Debtor has elected. California Code of Civil Procedure § 704.060 includes categories of property such as "equipment, vehicles, vessels," and even "other personal property," all of which are absent from § 703.140(b)(6). Debtor is effectively asking the court to impute the phrase "other personal property" from § 704.060 into § 703.140(b)(6), but that would be improper statutory construction as the legislature has clearly chosen to treat those sections differently. |

Debtor's Supplemental Briefing

Debtor filed his supplemental briefing on December 5, 2023. Dckt. 91. In his supplemental brief, Debtor argues:

1. Creditor has provided no evidence or information explaining how a liquor license is not part of "tools of trade of the debtor or dependent of a debtor." Tools of trade are different depending upon the profession. Creditor has failed to fulfill its burden of proof as to how the exemption is not properly applied.

2. California Code of Civil Procedure § 703.140(b)(6) was purposefully written broadly to encompass many different types of tools of the trade. Excluding a liquor license from these exemptions is inconsistent with this intent.

3. The legislature made no distinction between tangible or intangible tools. "Only humans seeking to interpret the exemption discuss tangible versus intangible." Dckt. 91 p. 2:17.

4. In today's new world, people are using online platforms as tools that would fit within the meaning of California Code of Civil Procedure § 703.140(b)(6) but have not been explicitly mentioned in that statute.

5. California Code of Civil Procedure § 703.140(b)(6) indeed covers intangible items as exemptions are to be broadly construed in favor of the Debtor. *See Gill v. Stern* (*In re Stern*), 345 F.3d 1036, 1045 (9th Cir. 2003).

6. A liquor license is no different than a hammer. Both tools are purchased to pursue income from a desired trade. Contrary to some courts' opinions, a liquor license is not a mere privilege to transact business.

7. Creditor has ultimately failed to meet its burden of persuasion proving the exemption is not properly claimed.

///

**DISCUSSION**

A claimed exemption is presumptively valid. *In re Carter,* 182 F.3d 1027, 1029 at fn.3 (9th Cir.1999); *see also* 11 U.S.C. § 522(l). Once an exemption has been claimed, "the objecting party has the burden of proving that the exemptions are not properly claimed." FED. R. BANKR. P. RULE 4003(c); *In re Davis*, 323 B.R. 732, 736 (9th Cir. B.A.P. 2005). If the objecting party produces evidence to rebut the presumptively valid exemption, the burden of production then shifts to the debtor to produce unequivocal evidence to demonstrate the exemption is proper. *In re Elliott*, 523 B.R. 188, 192 (9th Cir. B.A.P. 2014). The burden of persuasion, however, always remains with the objecting party. *Id*.

The California Legislature has elected to opt out of the federal exemptions provided in 11 U.S.C. § 522(b), thereby allowing a bankruptcy debtor to use the full range of exemptions in Chapter 4, California Code of Civil Procedure §§ 703.010–.150 from enforcement of state court judgements in bankruptcy. Cal. Code Civ. Proc. § 703.130; 11 U.S.C. § 522(b)(2).

California then also provides in California Code of Civil Procedure § 703.140(a) that in addition to the normal set of exemptions that may be claimed in connection with the enforcement of a judgment, a debtor in bankruptcy may elect to claim an alternative set of exemptions in a bankruptcy case. Those alternative exemptions are set forth in California Code of Civil Procedure § 703.140(b). These are in substance a restatement of the federal exemptions (including the bankruptcy Wildcard Exemption), with certain enhancements by the California Legislature, provided in 11 U.S.C. § 522(d).

**Review of California Code of Civil Procedure § 703.140(b)(6)**
**Alternative Bankruptcy Debtor Exemptions**

Here, the California Legislature has chosen to expressly state in § 703.140(b)(6) that when a person is a debtor in bankruptcy, an exemption may be claimed in:

> (6) The debtor's aggregate interest, not to exceed eight thousand seven hundred twenty-five dollars ($8,725) in value, in any implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor.

Thus, the property in which the trade assets exemption may be claimed consists of:

///

     ♦  implements

     ♦  professional books

     ♦  tools

  of the trade of the debtor.

The Statute does not state "any and all things, or a portion of a value thereof, used in or for the operation of a business by the debtor." The focus of the arguments presented to the court is on whether the liquor license is an "implement or tool" of the trade and something that the debtor would be using to continue in that trade.

*Tool and Tools of the Trade*

  The court does not find a statutory definition for "Tool" or "Tools of the Trade" in California law. Looking to other sources, the Oxford English Dictionary defines "Tool" as:

> Any instrument of manual operation; a mechanical implement for working on something, as by cutting, striking, rubbing, or other process, in any manual art or industry; usually, one held in and operated directly by the hand (or fixed in position, as in a lathe), but also including certain simple mechanics, as the lathe; sometimes extended to simple instruments of other kinds, as in quot.

*Tool*, THE OXFORD ENGLISH DICTIONARY (2d ed. 1989).

  Ballentine's Law Dictionary provides a further definition for the term "Tools of Trade," stating:

> tools of trade.
>
> 1. Instruments or implements used in the trade, occupation, business, or profession of the owner.

*Tools of trade*, BALLENTINE'S LAW DICTIONARY (3d ed. 1969). These definitions use the term "instruments" to define tools. As discussed below, the California Legislature has expressly included "instruments" in the non-bankruptcy exemption for things used in a business or profession, but did not include that in California Code of Civil Procedure § 703.140(b)(6). [3]

---

[3] The term "instruments" is statutorily defined for Title 9, Enforcement of Judgments, in the California Code of Civil Procedure to be, ""Instrument" means "instrument", as defined in paragraph (47) of subdivision (a) of Section 9102 of the Commercial Code." Cal. C.C.P. § 680.220. However, California Commercial Code § 9102(47) defines the term "instrument" to be "a negotiable instrument or any other writing evidencing a right to payment of a monetary obligation,"

Implements

The language of California Code of Civil Procedure § 703.140(b)(6) provides that "implements" are included within the trade exemptions. Implements have been defined by Black's Law Dictionary as:

> Such things as are used or employed for a trade, or furniture of a house. Particularly applied to tools, utensils, instruments of labor; as the implements of trade or of farming.

*Implements*, BLACK'S LAW DICTIONARY (6th ed. 1990).

Further, Merriam-Webster's definition of an implement is "a device used in the performance of a task; one that serves as an instrument or tool." *Implement*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/implement.

The Black Law's definition suggests that the word implement looks to apply to any thing that is used in the performance or to serve to a specific task. Merriam-Webster adds the reference that the device may "serve as an instrument or tool," seeming to reference instrument as a physical device as opposed to an intangible right or license.

If "tool" is the dominant word in the phrase "tools of trade," it is argued that the "tool" element of "tools of trade" leads to the meaning to be an "instrument of manual operation … an instrument to be used and managed by the hand." Thus, these definitions indicates that tools-of-trade are meant to be tangible items that are directly involved in the production of goods or service provided by a business.

**Comparison to California Code of Civil Procedure § 704.060**
**Alternative Non-Bankruptcy Specific Exemptions of Business Assets**
**That Debtor Could Have Claimed**

In addition to the foregoing exemption created for a debtor in bankruptcy, California law has as part of its nonbankruptcy, enforcement of judgment exemptions (though a debtor may elect to use such exemptions in a bankruptcy case) California Code of Civil Procedure § 704.060, which provides for exemptions in the aggregate amount of $8,725.00 in personal property used in a trade

---

and not something in the nature of a "tool" as that term is used in the exemption provisions of the California Code of Civil Procedure.

or business. The personal property assets used in a trade, business, or profession in which an exemption may be claimed are stated in California Code of Civil Procedure § 704.060(a) as:

a. Tools,
b. Implements,
c. Instruments,
d. Materials,
e. Uniforms,
f. Furnishings,
g. Books,
h. Equipment,
i. One Commercial Motor Vehicle,
j. One vessel, and
k. Other Personal Property,

"if reasonably necessary to and actually used by the judgment debtor in the exercise of the trade, business, or profession by which the judgment debtor earns a livelihood." Cal. Code Civ. Proc. § 704.060 (a)(1).

On the one hand this would appear to be a much broader scope of exemptions which could be claimed in the nonbankruptcy setting. On the other hand, one can argue that this is merely a broader statement of what constitutes an "implement or tool" of the trade, with the California Legislature merely not repeating it in detail in the alternative exemptions a bankruptcy debtor may elect.

However, it is significant to note that the California Legislature has chosen to include in the non-bankruptcy California Code of Civil Procedure § 704.060(a)(1) exemptions the broad, catch-all assets consisting of "other personal property." This does manifest, in the plain language of the statute, a broader scope in the trade, business, or professional personal property assets in which an exemption may be claimed under California Code of Civil Procedure § 704.060.

The court also notes that the California Legislature appears to be adopting in § 703.140(b)(6) what Congress provides for in 11 U.S.C. § 522(b) exemptions, notwithstanding the California Legislature electing to opt out of the federal bankruptcy exemptions.

**Economic Realities in Bankruptcy**

At this juncture in this hard fought battle between Debtor and Creditor over the exemption, the court steps back to look at the actual dispute. Creditor objects to the exemption being claimed in the amount of $9,525.00. Debtor fights back hard to keep the claimed exemption of $9,525.00.

8

In economic reality, there is "only" $9,525.00 at issue for an asset the Debtor values at $86,500.00 after deducting the costs of sale.

Assuming that Creditor's Counsel and Debtor's Counsel anticipated being paid for their legal services, and assuming that their billing rates are $400.00 an hour, the $9,525.00 exemption in dispute has a value equal to 23.8 hours of work. If divided over the two attorneys, then once the parties have spent more than 11.9 hours working on this battle, all of the $9,525.00 is exhausted and there is a net loss to both the Debtor and Creditor.

Thus, this battle may be of little economic value to neither the Debtor nor the Creditor.

It is also unclear as to how much the additional $9,525.00 in exemption claimed in the liquor license would flow to Creditor on its secured claim filed in this case. *See* California Business and Professions Code §§ 24049 (priority to outstanding tax obligations) and 24074 (priority to taxes, wages, secured claims, mechanic's liens, escrow fees, claims for sales for goods sold for resale by the licensee, landlord claims, and then pro rata distribution with all other claims).

**Execution Against a Liquor License**

While California Law generally makes licenses exempt from execution by creditors, an exception is made for liquor licenses. With respect to business licenses in general, California Code of Civil Procedure § 695.060 provides:

> § 695.060. License to engage in business
>
> Except as provided in Section 708.630, a license issued by a public entity to engage in any business, profession, or activity is not subject to enforcement of a money judgment.

Jumping to California Code of Civil Procedure § 708.630, the exception to protecting a license to engage in business from execution in the enforcement of a monetary judgment, it provides:

> § 708.630. Receiver to transfer alcoholic beverage license
>
> (a) The judgment debtor's interest in an alcoholic beverage license may be applied to the satisfaction of a money judgment only as provided in this section.
>
> (b) The court may appoint a receiver for the purpose of transferring the judgment debtor's interest in an alcoholic beverage license that is transferable under Article 5 (commencing with Section 24070) of Chapter 6 of Division 9 of the Business and Professions Code, unless the judgment debtor shows in the proceeding to appoint a receiver that the amount of delinquent taxes described in Section 24049 of the Business and Professions Code and claims of creditors with priority over the

9

judgment creditor pursuant to Section 24074 of the Business and Professions Code exceed the probable sale price of the license.

(c) The receiver may exercise the powers of the licensee as necessary and in exercising such powers shall comply with the applicable provisions of Division 9 (commencing with Section 23000) of the Business and Professions Code and applicable regulations of the Department of Alcoholic Beverage Control. An application shall be filed to transfer the license to the receiver and a temporary retail permit shall be obtained during the pendency of the transfer.

Though excluding other licenses necessary to engage in a trade from any enforcement of judgment (thus no exemption would be relevant, at least outside of bankruptcy), the door is open then as to whether it logically makes sense that such a liquor license may be the subject of an exemption as an implement or tool asserted by a judgment debtor who is operating a business.

## DECISION

The court in interpreting the plain language of California Code of Civil Procedure § 703.140(b)(6) does so based on the statute as written by the California Legislature. The court does not have the prerogative to "rewrite" the statute to say what the court thinks that the Legislature should have or intended to say if the Legislature had written the statute "correctly." As stated by the United States Supreme Court:

> When called on to resolve a dispute over a statute's meaning, this Court normally seeks to afford the law's terms their ordinary meaning at the time Congress adopted them. *See, e.g., Wisconsin Central Ltd. v. United States*, 585 U. S. ___, ___, 138 S. Ct. 2067, 201 L. Ed. 2d 490, 495 (2018). The people who come before us are entitled, as well, to have independent judges exhaust "all the textual and structural clues" bearing on that meaning. *Id.*, at ___, 138 S. Ct. 2067, 201 L. Ed. 2d 490, 499. When exhausting those clues enables us to resolve the interpretive question put to us, our "sole function" is to apply the law as we find it, *Lamie v. United States Trustee*, 540 U. S. 526, 534, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004) (internal quotation marks omitted), not defer to some conflicting reading the government might advance.

*Niz-Chavez v. Garland*, 593 U.S. 155, 160 (2021). The California Supreme Court is consistent with the forgoing, stating the role of the court in determining the meaning of a statute, stating:

> Our role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law. (People v. Snook (1997) 16 Cal. 4th 1210, 1215, 947 P.2d 808.) In determining intent, we look first to the words of the statute, giving the language its usual, ordinary meaning. If there is no ambiguity in the language, we presume the Legislature meant what it said, and the plain meaning of the statute governs. (Ibid.) The words, however, must be read in context, considering the nature and purpose of the statutory scheme. (*Torres v. Automobile Club of Southern California* (1997) 15 Cal. 4th 771, 777, 937 P.2d 290.)

*Hunt v. Superior Court*, 987 P. 2d 705, 716 (1999).

Here, the California Legislature has chosen to expressly state in California Code of Civil Procedure § 703.140(b)(5) that when a person is a debtor in bankruptcy, an exemption in the business-trade assets in which an exemption may be claimed is:

> (6) The debtor's aggregate interest, not to exceed eight thousand seven hundred twenty-five dollars ($8,725) in value, in any implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor.

As the court notes above, this does not include the broad, "other personal property" exemption asset category permitted under California Code of Civil Procedure § 704.060(a). Conversely, the alternative bankruptcy debtor exemptions permitted under California Code of Civil Procedure § 703.140(b)(1) gives a debtor the Wildcard Exemption, which in this case Debtor has used to exempt $29,586.88 of the value of the liquor license, not being limited to the paltry $8,725.00 exemption permitted under the nonbankruptcy exemptions pursuant California Code of Civil Procedure § 704.060(a).

In addition to being able to claim the $29,586.88 Wildcard Exemption in the liquor license pursuant to California Code of Civil Procedure § 703.140(b)(5), California law also allows Debtor to claim (to the extent there were assets that were not fully or over encumbered by consensual liens) an additional $8,725.00 in exemptions in the "implements, professional books, or tools" of the Debtor's trade - if the Debtor actually has such "implements, professional books, or tools."

While the focus has been on this one asserted exemption, a broader consideration is merited of why Congress provides for exemptions under the Bankruptcy Code. Though the states may choose to opt out of what items and the dollar amounts that may be claimed as exempt, it is Congress who, as a matter of Federal Law, provides that exemptions may be claimed in bankruptcy cases.

Collier on Bankruptcy provides a detailed discussion of exemptions as they apply in bankruptcy cases. With respect to the purpose for allowing them, the discussion includes the following:

¶ 522.01 Overview of Section 522

A fundamental component of an individual debtor's fresh start in bankruptcy is the debtor's ability to set aside certain property as exempt from the claims of creditors. Exemption of property, together with the discharge of claims, **lets the debtor**

**maintain an appropriate standard of living as he or she goes forward after the bankruptcy case**.

4 COLLIER ON BANKRUPTCY ¶ 522.01 (16th ed. 2015) (emphasis added). This was discussed by the United States Supreme Court in *Schwab v. Reilly,* in which the Supreme Court states:

> We agree that "exemptions in bankruptcy cases are part and parcel of the fundamental bankruptcy concept of a 'fresh start.'" Brief for Respondent 21 (quoting *Rousey*, 544 U.S., at 325, 125 S. Ct. 1561, 161 L. Ed. 2d 563); *see Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007). We disagree that this policy required Schwab to object to a facially valid claim of exemption on pain of forfeiting his ability to preserve for the estate any value in Reilly's business equipment beyond the value of the interest she declared exempt. This approach threatens to convert a fresh start into a free pass.
>
> As we emphasized in *Rousey*, "[t]o help the debtor obtain a fresh start, the Bankruptcy Code permits him to withdraw from the estate certain interests in property, such as his car or home, up to certain values." 544 U.S. at 325, 125 S. Ct. 1561, 161 L. Ed. 2d 563. The Code limits exemptions in this fashion because every asset the Code permits a debtor to withdraw from the estate is an asset that is not available to his creditors. *See* § 522(b)(1). Congress balanced the difficult choices that exemption limits impose on debtors with the economic harm that exemptions visit on creditors, and it is not for us to alter this balance by requiring trustees to object to claimed exemptions based on form entries beyond those that govern an exemption's validity under the Code. *See Lamie*, 540 U.S., at 534, 538, 124 S. Ct. 1023, 157 L. Ed. 2d 1024; *Hartford*, 530 U.S., at 6, 120 S. Ct. 1942, 147 L. Ed. 2d 1; *United States v. Locke*, 471 U.S. 84, 95, 105 S. Ct. 1785, 85 L. Ed. 2d 64 (1985).

*Schwab v. Reilly*, 560 U.S. 770, 791-92 (2010).

Collier on Bankruptcy also includes a discussion of the 11 U.S.C. § 522(d)(6) exemptions for "any implements, professional books, or tools, of the trade of the debtor:"

> Implements of Trade; § 522(d)(6)
>
> Section 522(d)(6) is designed to help **preserve the debtor's means of earning a living**. The debtor is granted an exemption of up to $2,525 in value in any implements, professional books or tools of the trade of the debtor or of a dependent. Most states grant this type of exemption. When an exemption is claimed in property as an implement of trade, a **factual determination is often required as to whether the property is being put to such use as to warrant an exemption**. The same piece of property may be exempt in one case, but not exempt in another, depending upon the use to which it is put.
>
> Debtors often seek to claim an exemption for an automobile as a tool or implement of the trade. If the debtor claims the vehicle as a tool of the trade simply because transportation is necessary to get to a job, the courts will deny the exemption. Tool of the trade status has even been denied in some cases when the debtor is a salesperson who needed the vehicle to make calls on customers. If, however, the vehicle is an integral part of the debtor's business, such as a van used to carry dry wall supplies and tools, the court will find that the vehicle is a tool of the trade. The presence of section 522(d)(2), specifically referring to motor vehicles, undoubtedly

influences the courts' decisions to exclude automobiles generally from the category of tools of the trade. This is significant also because liens on tools of the trade are subject to avoidance in some circumstances under section 522(f), while liens on motor vehicles are not subject to avoidance under that section.

4 COLLIER ON BANKRUPTCY ¶ 522.09[6] (16th ed. 2015) (emphasis added).

This is consistent with purpose of California having exemptions for individual judgment debtors and protecting certain assets from enforcement by judgment creditors. As discussed in Witkin California Procedure:

> 1. [§ 194] Nature and Purpose of Exemption Statutes.
> Correlation Table | Tables and Index
>
> (1) In General. The immunity of certain property from enforcement of a money judgment (see supra, § 81 et seq.) is based on the theory that some types of property should not be taken to satisfy a judgment. The exemptions available to a judgment debtor (*see infra*, § 213 et seq.) are for the personal benefit of the debtor. The property itself would ordinarily be subject to enforcement, but the debtor is allowed to retain all or part of it for the protection of the debtor and his or her family. Accordingly, the debtor may waive an exemption by failure to make a proper and timely claim. *(See infra*, § 197.) The **exemption laws are designed to facilitate the debtor's financial rehabilitation and shift social welfare costs from the community to creditors**. (See 16 Cal. Law Rev. Com. Reports, p. 1079.) (On exemptions generally, see C.J.E.R., Judges Benchbook: Civil Proceedings—After Trial § 6.14 et seq.; Rutter Group, 2 Enforcing Judgments and Debts § 6:820 et seq.; C.E.B., 2 Debt Collection Practice 2d, § 9.50 et seq.)

8 WITKIN CALIFORNIA PROCEDURE § 194 (6th ed. 2023) (emphasis added).

In the California Law Revision Report referenced above, it continues, describing the purpose of the exemption of property from the enforcement of judgments as:

> Exempt Property
>
> The substantive exemption provisions should accommodate both the interest of the judgment debtor **in maintaining a basic standard of living** and the interest of the judgment creditor in satisfying the money judgment. Accordingly, the general approach of the proposed law is to protect income and property needed for the subsistence of the judgment debtor and his or her family.

16 CAL. LAW REV. COM. REPORTS 1080, http://www.clrc.ca.gov/pub/Printed-Reports/Pub140.pdf (emphasis added).

As the Parties discovered, there is a dearth of cases addressing whether a liquor license falls within the tools/implements/personal property of a trade exemption.

///

**Liquor License is Not Within the
California Code of Civil Procedure § 703.140(b)(6)Exemption for
Implements, Professional Books, or Tools of the Trade of the Debtor**

Beginning with the purpose of exemptions under the Bankruptcy Code, they are to allow a debtor to go forward with a "Fresh Start" following the bankruptcy case and make a new life for the debtor and his or her dependants. This Fresh Start is commonly discussed in the concept of a Chapter 7 case in which the debtor is overwhelmed with an avalanche of debt, and absent relief via the Federal Bankruptcy Code, the debtor would be force to live a barely subsistence life. This Fresh Start is consistent with California Law.

The California Legislature has effectively given a "super exemption" to the licenses that are needed for someone to get a Fresh Start or continue to maintain a basic standard of living using their implements, books, vehicles, or other tools of the trade of the debtor, making such licenses beyond the scope of any enforcement of a judgment. Cal. Code Civ. Proc. § 695.060. The one exception to this exclusion are liquor licenses.

Personal business licenses for someone to provide a service or engage in a business, profession, or activity is what that person needs to maintain a basic standard of living as the individual moves forward with the judgment hanging over their head, or under their Fresh Start in bankruptcy. It is not carving out some dollars from part of a failed business operation to be put to some other purpose.

The California Legislature has chosen to use the specific words "implements," "professional books," and "tools," which are used in a bankruptcy debtor's trade or business. The statute does not say, "anything and everything which a debtor would use in operating a business."

The court concludes that the liquor license is not within the "implements, professional books, or tools of the trade of the debtor" exemption provided in California Code of Civil Procedure § 703.140. The liquor license is an authorization to sell liquor in the Debtor's pre-petition business. As the court stated at the hearing, the concept of "tools" and "implements" in the 21st Century is not limited to hammers, chisels, and the horses to draw the wagon to the next job. Such includes computers, cell phones, computer programs, and the like to the extent that they would be used by a debtor in earning a living post-bankruptcy. However, it is not an "all personal property used in

connection with a business" exemption.

Here, a liquor license (or an exempt portion of the value thereof) is not a tool, implement, or other personal property for a debtor (whether asserted against a judgment in California State Court or as an exemption in Bankruptcy Court) to use in going forward with a trade of the debtor to maintain a basic standard of living. It may be additional cash that a person would want to use to build a business enterprise or want to keep a portion of the value of for other purposes, but that it not the exemption that the California Legislature has created.

The dollar limits set for these implements, books, and tools of the trade allow the debtor to keep such basic tools and implements to maintain a post-judgment or post bankruptcy basic standard of living. If the various tools, implements, and the like have a greater value than the dollar value exemptions, then if the creditor or bankruptcy trustee sells those assets in which the exemption exists, the debtor gets back the exempt dollar amount and can replace such implements and tools. It is not merely a dollar amount that a debtor gets to "keep from creditors" from the value of various assets of a business operation.

This is the plain language of the State and Federal statutes and the purposes that the exemptions serve. Attempting to carve out a small dollar portion of a high dollar liquor license does not serve that purpose.

The Objection to Claimed Exemption for $9,525.00 in the California liquor license pursuant to California Code of Civil Procedure § 703.140(b)(6) is sustained and the claimed exemption of $9,525.00 is disallowed in its entirety.

This is without prejudice to, and does not alter or limit the exemption of $29,586.88 claimed by the Debtor in the liquor license with the Wildcard Exemption provided in California Code of Civil Procedure § 703.140(b)(5).

**Dated:** January 03, 2024

**By the Court**

Ronald H. Sargis, Judge
United States Bankruptcy Court

15

# Instructions to Clerk of Court
**Service List - Not Part of Order/Judgment**

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| **Attorney(s) for the Trustee** (if any) | Anthony Asebedo, Esq.<br>Reynolds Law, LLP<br>3001 Douglas Blvd., Ste. 225<br>Roseville, CA 95661 |